Martin, J.
delivered the opinion of the court. This is a suit by attachment, in which *689 the plaintiff caused the amount of a judgment lately recovered against himself, by the present defendant, to he attached.
East'n District.
Feb. 1823.
The latter obtained a dissolution of the attachment, the district court being of opinion “that no attachment can be sued out by a person, indebted to another, for an alleged debt, duo him, attaching a debt due by himself in his own hands, and making himself a garnishee.” The plaintiff appealed.
According to our act of assembly. effects or credits (effects ou creances) of absent debtors may be attached, 1 Martin's Dig. 520, n. 6.— Hence, if a debt due by such debtor, may not be attached by the person who owes it, it. must be, because he comes under some exception to the general rule. The district judge has not cited, nor does the appellee's counsel refer us to, any.
In Graighle vs. Notnagel & al. 1 Peters, 245. Washington, J. who delivered the opinion of the court, said, that a defendant may attach the money due by him to the plaintiff, in his own hands, and plead the pendency of the attachment to the action against him.
Sergeant, in his law of attachment, 72, shows, *690 that in England a party may attach money which he himself owes.
So, if A. recover a debt against B., the latter may attach, in his own hands for, so much as is due him by A. 1 Rolle's Abridg. 554.
Our act of assembly authorizes universally the attachment of a debtor’s credits, and the case cited from Peters shows, that this, in Pennsylvania, may be done, even after suit was brought to recover the money afterwards attached ; that from Rolle shows, that the English courts hold that even a recovery does not prevent the attachment.
Judge Washington examines the question on general principles; he does not rely on any particular provision in Pennsylvania, but shows, that there is not the least impropriety or incongruity in a man attaching a debt which he himself owes. His reasoning appears to us conclusive.
We do not see that any distinction may he made, under the general words of our act of assembly. It authorizes the attachment of the debtor's credits, without distinguishing those which are in the hands of a person who has a claim against himself, on which an attachment may issue. Ubi lex non distinguit nee *691 non distinguere debemus. We think the district judge erred.
Grayson for the plaintiff, Eustis for the defendant.
It is therefore ordered, adjudged and decreed, that the judgment of the district court be annulled, avoided and reversed, and the case remanded with directions to the judge to proceed in the case, as if the attachment had not been dissolved; the costs of this appeal to be borne by the defendant and appellee.