## BIERRA vs. HIS CREDITORS.

APPEAL from the court of the parish and city of New Orleans.

PORTER, J. delivered the opinion of the court. A meeting of the insolvent creditors was had at the office of a notary public, and two persons, viz. Jacques Zino and Louis Duhart, were appointed syndics by an apparent majority in number and amount. On filing a proces verbal of the proceedings in the parish court, certain of the creditors filed an opposition "on the ground that the election was not legally made, because the persons who voted for the appointment were not creditors of the insolvent, in the amount by them stated nor had any claim in his estate."

This opposition alleges no particular fact: it amounts to nothing more than a general denial which would in ordinary cases require proof from those against whom it was opposed. The

"That the election was not legally made, because the persons, who voted, were not creditors of the insolvent to the amount by them stated, nor had any claim on his estate" is too general a ground of opposition to the homologation of the proceedings of the creditors.

question is whether this mode of pleading meets the provision of the act of 1817, which indicates the manner nomination of syndics should be opposed. The words of the statute are, That the creditor who objects "shall within ten days next following the appointment of said syndics, lay before the court which has already taken cognisance of the case, his written deposition *stating speeially the several facts of nutility* of the said appointment, or of fraud by him alleged against the insolvent debtor."

It is our opinion that the opposing creditors have not complied with this law. The opposition filed states no special matter, or alleges any distinct fact in which issue might have been joined. As gives any ground whatever to enable the person objected to, to combat it. It appears to have been filed in the belief that the law contemplated as a matter of course that the creditors should prove their claim before the notary, and again to the court, on the mere denial of those opposed to them. This is an erroneous construction of the statute.— The legislature evidently intended the selection of syndics made at the meeting before the notary to be definitive, unless special facts were *alleged* and *proved*, shewing illegality in

East'n Dist. ct.
Dec. 1823.

BIERRA
vs.
HIS CREDITORS

the proceedings.　It has been contended, that, as the creditors cannot be supposed acquainted with the transactions, which others had with the insolvent, that they are unable to make any more specific allegation, than that contained in the opposition filed here.　But if they had objected, before the notary, to those persons, of whose votes they now complain, they could have had the information, by calling for evidence of each claim, and if it was insufficient, been enabled to specify in what the defect, or illegality consisted.　In Lanusse's case, the votes presented were objected to before the notary, and the opposition filed shewd special reasons why there was error in the proceedings, and alleged particular facts on which the votes taken were disputed, 10 *Martin*, 688.　The whole case, indeed, resolves itself to this, whether a general denial of right to vote, is a specific allegation shewing that right to have been improperly exercised.　We are satisfied it is not, and do therefore order, adjudge, and decree, that the judgment of the parish court be affirmed, with costs.

　*Seghers* for the plaintiff, *Morel* for the defendant.