Morphy, J.
The facts which led to this appeal are as follows : In December, 1837, Coleman Williams obtained.in the District Court of the First Judicial District, a judgment against Wilhelmus Bogart, for $16,716 32. In April, 1840, Charles A. Jacobs, also a judgment creditor of Bogart, instituted proceedings against him in the Commercial Court, to compel a forced surrender of all his property, undér the act of 1808, for the relief of insolvent debtors in actual custody. The creditors met in open court, voted unanimously for W. Bogart to be the syndic of his own estate, giving him the most extensive powers, and dispensing him from the necessity of furnishing security; whereupon, on the 27th of July, 1840, a judgment was entered below appointing the insolvent as syndic, and forever discharging him from imprisonment, from all suits and actions pending against him, and from all debts by him theretofore contracted. After these proceedings had commenced, to wit, on the 5th of May, 1840, Coleman Williams, who was a party to them, and whose name figured on the schedule for the full amount of his debt, caused an alias fi. fa. to be issued on his judgment from the District Court, which the Sheriff returned as “ stayed by the failure of the defendant.” On a suggestion of the failure of Bogart, the District Court ordered the suit of Williams against him *164 to be transferred to the Commercial Court, there to be cumulated with the insolvent proceedings. As, notwithstanding the return of the Sheriff on the alias fi. fa., there had been certain money and notes seized under it, by process of garnishment, in the Oityr Bank of New Orleans, a rule for the release of this seizure was taken by the syndic on Williams, and, on the 29th of August, 1840, a judgment was rendered on it, setting aside the seizure, and ordering the Bank to pay over to the syndic the said money and notes. On the 4ih of December following, Williams took a rule on the syndic to show cause why this suit against Bogart should not be transferred to the District Court, on the ground that it had been removed without notice to him', and that there were questions therein pending between parties, other than the said Bogart, of whom the court below could take no jurisdiction without their consent. This rule was discharged ; whereupon Williams appealed; but in his petition of appeal, and in the order of the Judge, it is distinctly stated, that the appeal is taken from the judgment of the 27th of July, 1810, appointing Bogart as syndic without requiring of him security for his faithful administration, and discharging him from his debts, and, among others, from that due to the appellant, and also from the judgment of the 29th of August, 1840, releasing from the appellant’s seizure the money and effects held by the City Bank of New Orleans. The only point made by the appellant in this court, and upon which he claims our interference is, that there is error in the judgment discharging the rule he had taken to have his case sent back to the District Court, from which he says it was improperly removed to the court below. This point we should not perhaps notice at ail, as there is no appeal from the judgment before us. But were we even to consider the appeal taken as extending to it, we cannot see how the court erred. It is well settled, that all suits and claims against an insolvent must be removed to, and cumulated in the tribunal before which the insolvent proceedings are pending. The order, or judgment of the District Court for the transfer of the cause, was made on the 12th of June, 1840, one month before the meeting of the creditors took place, and was not executed by the actual removal of the record ' nntil the 25th of August following. If this order was erroneous, *165 it ought to be appealed from, and the cause retained in the Dis-. trict Court until the decision of this court could be had ; but it cannot be seriously expected of us, to revise an executed judgment of the District Court, on an appeal from the Commercial Court.
We shall now proceed to examine the two judgments complained of in the petition of appeal.
The first is that which appoints the insolvent syndic of his creditors, without requiring security, and which discharges him from his debts;
The proceedings in this case clearly originated and were carried on under the 7th section of the act of 1808, for the relief of insolvent debtors in actual custody. B. & C.’s Dig. 481. This aet does not provide that the syndic, or commissioner to be appointed under it, shall give any security. The only law requiring syndics to give such security is the first section of the act of the 13th of March, 1837, which expressly professes to amend the 14th section of the act of 1817, relative to the voluntary surrender of property, and the provisions of which are confined to individuals who shall not yet have been imprisoned for debt. The law of 1S37 does not purport to amend any other act than that of. 1817, nor to regulate insolvent proceedings in any other cases than those embraced by that act. The statute of 1817 provides for voluntary, not forced surrenders. The two modes of surrender are distinct, and governed by different laws. This court, in the case of The Planters Bank et al. v. Lanusse et at., held, that the act of 1817, directing the proceedings to be pursued in cases of voluntary surrender, does not govern those that are forced. 10 Mart. 690. It would seem then to follow, that the provisions of the act of 1837 should not be extended to proceedings had under the law of 1808, and that no security can be required of a syndic, or assignee, appointed by creditors at a meeting in open court, under the provisions of that act. But even were the law of 1837 to be considered as applicable to cases of forced surrender, the first section provides, that the syndic shall not be required to give security, if two-thirds of the creditors in number and amount dispense with it. B. & C.’s Dig. 498. In this case the creditors unanimously dispensed with this security; and *166 among those who so voted, were the only two mortgage or privileged creditors appearingon the schedule, to wit, Bogart & Hawthorn and Joseph Fowler. It is true, that a proviso at the end of this section, requires the syndic to give security for the amount of the mortgage and privileged claims; but it is not shown that there were any such claims besides those of the two creditors who voted for a dispensation of the security. This proviso was clearly intended to protect the mortgage and privileged creditors against the overwhelming votes of the ordinary creditors. The appellant has not shown himself to be a mortgage creditor. He was a party to the concurso ; did not appear to prove his debt at the meeting of the creditors in open court; made no opposition to the proceedings out of which an issue could be formed, but stood by, suffering the proceedings in in - solvency to be closed, and then appeals from the several orders rendered in the course of such proceedings, when, perhaps, under the third section of the act of 1808, he should not be considered as a creditor at all. B. <fc C.’s Dig. 480. The judgment below, moreover, does not decree that the syndic be dispensed from giving security, nor does it mention anything on the subject. If, under the law, he was bound to give security, he could at any time have been ordered to do so. But the appellant has asked for no such relief below ; and we will not presume that had he made a lawful demand of the inferior court, it would have been denied to him. As to the discharge granted to the insolvent, it was the natural consequence of the proceedings had under the act of 1808. The judgment is to the effect, and in the very words of the third section of that law. The appellant was a party to those proceedings, as he himself alleges in his petition of appeal. Not having appeared to prove his debt, nor made opposition to the insolvent’s discharge, it is now too late to oppose it; and'he cannot be listened to.
The other order or decree which Williams has appealed from, is that making absolute the rule taken by the syndic, to release from his seizure the money and notes in the City Bank. Of the correctness of this judgment we can entertain no doubt. The alias fi. fa. under which this seizure was made, was issued after .the commencement of the insolvent proceedings in the Commer *167 cial Court, and was unauthorized by law. B. <fc C.’s Dig. 484. This judgment, moreover, is not such a final one as an appeal will lie from. The setting aside the seizure, did not deprive the plaintiff in that suit of any of the advantages he may have gained by it. He can claim them upon the filing of a tableau of distribution. In the mean time he sustains no irreparable injury. The only effect of the order is, to place the money and effects in the hands of the syndic, to be administered upon : and in this we see no error.

Judgment affirmed.