No. 3864.—ROSALIE DURAND v. J. & J. DUBUCLET—On rule against J. P. ADER.

*Under the act of 1869, minor's property held in common may be sold for the purpose of affecting a partition at private sale, if any of the heirs having an interest desire it to be made in that form, by complying with the formalities prescribed by the statute in such case. Articles 341 and 1336 of the revised Civil Code which provide that the sale of minor's property must be made at public auction, is not in conflict with nor irreconcilable with the act of 1869 on the same subject, and those articles of the Code do not, therefore, repeal by implication the act of 1869.*

*A private sale of minor's property made in pursuance of the forms and requirements of the act of 1869 is, therefore, valid and binding upon the minor.*

APPEAL from the Second District Court, parish of Orleans. *Duvigneaud*, J. *Charles Loque*, for plaintiff and appellant. *Ernest Morel*, for defendants in rule appellees.

LUDELING, C. J. The only question presented in this case is whether the law of 1869, reproduced in articles 1500, 2667 and 3719 R. S. Statutes, is repealed by the article 341 and 1339 of the Revised Civil Code. The act of 1869 is in the following words: "When heirs of a succession hold property in common, and it is the wish of any one of them, or of a minor represented by his tutor or tutrix, to effect a partition, on the advice of a family meeting duly convened according to law, to represent the minor or minors, said property may be sold at private sale for its appraised value, said appraisement to be made and the terms of said sale to be fixed by the family meeting, and said proceeding to be homologated by the judge of probate of the parish in which the said minor resides."

Article 1339 of the Civil Code is in the following words: "When

the property is indivisible by its nature, or when it cannot be conveniently divided, the judge shall order at the instance of any of the heirs, on proof of either of these facts, that it be sold at public auction, after the time of notice or advertisement prescribed by law, and in the manner hereinafter prescribed." And article 341 declares that "the sale of the property of the minor shall be authorized by the judge, and made at public auction, after having been duly advertised" in the manner required,", etc.

The law of 1869 is not in conflict with the articles above quoted. The different provisions of the law might well be incorporated in the same act.

Thus, for instance, "the sale of the property of minors shall be authorized by the judge and made at public auction, after having been duly advertised in the manner required for other judicial advertisements," unless it be the wish of any of the heirs interested therein to have the sale made at private sale to effect a partition, in which event. it may be sold at private sale, on the advice of a family meeting duly convened according to law, to represent the minor or minors, at the appraisement and on the terms fixed by the family meeting, if the proceedings of the family meeting be homologated by the parish judge of the parish where the minor resides. The laws are not irreconcilable with each other, and therefore the former law is not repealed by implication. C. C. 23. Repeals by implication are not favored. 12. M. 697; 2 N. S. 33; 3 N. S. 190; 7 La. 166; 1 An. 54; 2 An. 919; 5. An. 121; 6 An. 605.

We are therefore of opinion that the title tendered the defendant in accordance with the act of 1869 is valid.

It is therefore ordered that the judgment of the lower court be annulled, and that there be judgment decreeing J. P. Ader to comply with the terms of the sale agreed upon with him, and condemning the appellant to pay costs of both courts.